D'Auvilliers vs. Her Husband.

## No. 7479.

32 605|
46 123:

MADELEINE D'AUVILLIERS, WIFE OF AUGUSTE DE LIVAUDAIS, VS. HER HUSBAND.

Article 147 of the Civil Code has no application when the spouses, at the time the suit is brought, are residing in a foreign country.

It is not necessary that the parents of the spouses, though they were parties to the marriage contract, should be made parties to the suit of the wife for a divorce and settlement of her rights under the marriage contract.

The Courts of Louisiana have jurisdiction of the suit of a wife for a divorce, though the marriage, as well as the causes alleged for the divorce, took place in France, if the husband, a citizen and resident of this State, was only temporarily staying in France, when the marriage and the acts complained of, occurred.

Verbal evidence to prove a misunderstanding between Counsel is inadmissible when, under the rules of Court all agreements of Counsel must be in writing.

APPEAL from the Fourth District Court, parish of Orleans. *Houston,*. J.

J. L. Tissot and Chas. F. Claiborne for Plaintiff and Appellee:

Defendant declared in his marriage contract that he was a citizen of the United States and of the State of Louisiana, domiciled in the City of New Orleans. His wife followed his condition, and has no other domicile than that of her husband. C. C. art. 39 ; 29 An. 253; Story,. Conflict of Law, § 46. Suit must be brought before the Court of the Defendant's domicile. 27 An. 566.

All Exceptions are waived by going to trial on the merits, without requiring a decision thereon. 23 An. 254; 18 An. 207 ; 26 An. 312.

Robt. G. Dugué for Defendant and Appellant:

Defendant was not represented on the trial in the lower Court, owing to a misunderstanding between Counsel. He is entitled to a new trial. Verbal evidence is admissible to prove the misunderstanding. There is no law or rule of court which requires evidence of this fact to be in writing.

Under art. 147, C. C., a house should have been assigned by the Court to Plaintiff, as a residence during the pendency of the suit.

There are necessary parties wanting to the suit.

The testimony taken under Commission was illegally received.

The opinion of the Court was delivered by

FENNER, J. This is an action of divorce for maltreatment, adultery, and abandonment, accompanied by a demand for a decree maintaining the validity of a donation to plaintiff by her husband of twenty-five thousand dollars made by marriage contract upon terms and conditions therein set forth, and reserving her rights to all other advantages stipulated in her favor in said marriage contract.

The defendant filed a number of exceptions to the action, all of which were overruled by the judge a quo, and, we think, properly. We see no merit in any of them ; and only three of them are sufficiently serious to require notice, viz.:

1st. He excepts that no house had been assigned to plaintiff as a residence during the pendency of the suit, under C. C. art. 147. This article has no application to a case like the one at bar, when the spouses were residing in the house of the wife's parents in a foreign country, and the husband had abandoned her and eloped with a concubine.

2nd. That the parents of the spouses, who were parties to the marriage contract, were necessary parties to the suit. The object of the suit, so far as the marriage contract is concerned, is simply to settle the wife's rights thereunder as against the husband. It does not affect any rights which may accrue to the parents under the stipulations of the contract, and there was no necessity for making them parties.

3rd. That plaintiff's complaints are of matters which occurred out of the State, and the marriage having taken place out of the State, and the wife never having actually lived here, such matters cannot be ground for action of divorce here. The cases referred to by counsel in 9 An. 317 and 13 An. 1, only hold that parties who did not contract marriage under, or with reference to, the laws of this State, and who only acquired a domicile here subsequently to the marriage, cannot maintain action for divorce here on matters which occurred elsewhere and prior to their domiciliation here.

In this case, though the marriage actually occurred in France, the marriage contract and other proceedings show that defendant was at the time a citizen and resident of Louisiana, only temporarily commorant in France. The marriage there was contracted with reference to the laws of this State, the husband's domicile ; and the domicile of the wife, as well as that of the husband, was, from the instant of marriage, in Louisiana. The cases, therefore, have no application.

The case was regularly called and fixed for trial, and on the day fixed the counsel for defendant was absent, and the trial took place without him.

In his motion for new trial, he avers that his absence was occasioned by a misunderstanding between himself and one of the opposing counsel arising out of an interview which took place a few days before the day fixed for the trial, in which, he avers, said opposing counsel told him that the papers in the case, which had long been missing, had not yet been found, from which he inferred that the cause could not be tried. On the trial of the rule, he offered to make oral proof of the facts alleged, which the Court refused to receive, on the ground that, under

The rules of Court, evidence of agreements between counsel could not be heard unless in writing.

The object of the evidence could only be to establish such a state of facts as would justify the inference of an implied agreement between counsel that the case would not be tried ; and we see no reason why an implied agreement should be provable by less or different evidence than is required in the case of express agreements.

We think the exclusion was a proper application of the rule of Court, the wisdom of which is well exemplified in the present case, where the counsel take direct issue with each other as to any interview whatever having taken place between them. However, if the facts offered to be proved had been admitted, they would have furnished no legal excuse for the counsel's absence. The mere statement by opposing counsel that the missing papers had not yet been found would not have justified the inference that, if found, the trial would not proceed on the day fixed.

The objections to the admissibility of the testimony offered in behalf of plaintiff cannot be considered, because not made at the proper time, viz.: when the evidence was offered. The application of this rule is not affected by the absence of counsel, who should have been present. Lockett vs. Toby, 10 An. 713 ; Underwood vs. Lacapaire, 10 An. 767.

It is a relief to us, and should be esteemed as a favor by defendant, that we pass over the testimony in the case without other commentary than to say that it conclusively establishes the allegations of the petition fully, and justifies the relief sought and granted by the lower court.

The judgment appealed from is therefore affirmed, defendant and appellant paying costs of appeal.

In this case the Chief Justice recuses himself, having been of counsel.